United States District Court
Southern District of Texas
**ENTERED**
July 10, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN LEE SUMSTAD, § <br> TDCJ #1918058, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal § <br> Justice - Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-22-1769 |

## MEMORANDUM OPINION AND ORDER

Ryan Lee Sumstad (TDCJ #1918058) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) and Petitioner's Memorandum of Law With Brief in Support ("Petitioner's Memorandum") (Docket Entry No. 2), challenging an adverse parole decision. Director Bobby Lumpkin has filed Respondent Lumpkin's Amended Motion for Summary Judgment With Brief in Support ("Respondent's Amended MSJ") (Docket Entry No. 15), arguing that Sumstad's claims are without merit. Sumstad has filed Petitioner's Amended Response to Respondent's Amended Motion for Summary Judgment ("Petitioner's Amended Response") (Docket Entry No. 20). After considering all of the pleadings, the exhibits, and the applicable law, the court will grant Respondent's Amended MSJ and will dismiss this action for the reasons explained below.

## I. **Background**

Sumstad is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction that was entered against him by the 359th District Court of Montgomery County in Cause No. 14-03-02535.¹ Sumstad was charged with the murder of his wife, but convicted of manslaughter with a deadly weapon pursuant to a plea agreement.² Consistent with that agreement, the trial court sentenced Sumstad to 20 years' imprisonment on March 20, 2014.³ Sumstad did not pursue an appeal.

Sumstad does not challenge the validity of his conviction. Instead, he challenges a decision by the Texas Board of Pardons and Paroles ("Parole Board"), which denied him release on parole on June 16, 2021.⁴ All Texas inmates, except those under a sentence of death or serving a sentence of life imprisonment without the possibility of parole, are eligible to be considered for early release on parole after serving a certain portion of their sentence. See Tex. Gov't Code § 508.145. Release on parole is

---

¹Petition, Docket Entry No. 1, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

²Petitioner's Memorandum, Docket Entry No. 2, p. 3; Indictment in Cause No. 14-03-02535, Exhibit C to Respondent's Amended MSJ, Docket Entry No. 15-3, p. 2; and Admonitions to the Defendant for Plea to the Court, Statements, and Waivers, Exhibit D to Respondent's Amended MSJ, Docket Entry No. 15-4, pp. 2-3.

³See Judgment of Conviction by Court - Waiver of Jury Trial, Exhibit A to Respondent's Amended MSJ, Docket Entry No. 15-1, p. 2.

⁴Petition, Docket Entry No. 1, pp. 6-7.

wholly discretionary. Id. §§ 508.001(6), 508.141. By contrast, certain Texas inmates are eligible for early release on a form of parole known as "mandatory supervision," which requires release from prison when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. § 508.147(a).

According to the record, the Parole Board denied Sumstad early release on parole for reason "2D," which concerns the nature of the offense:

> 2D   THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINUING THREAT TO PUBLIC SAFETY.[5]

The Parole Board also set off Sumstad's next parole review for three years — until June of 2024.[6]

In his pending Petition Sumstad argues that he is entitled to federal habeas corpus relief under 28 U.S.C. § 2254 for the following reasons:

1. The denial of parole by an executive branch agency violated the terms of his plea agreement with the trial court, the separation-of-powers doctrine, and the right to due process.

---

[5]See Notice of Parole Panel Decision dated June 16, 2021, Exhibit B to Respondent's Amended MSJ, Docket Entry No. 15-2, p. 3; see also 37 Tex. Admin. Code § 145.6(d)(2) (listing "nature of offense" among several other reasons a panel may give when making a determination about a prisoner's suitability for parole).

[6]See Notice of Parole Panel Decision dated June 16, 2021, Exhibit B to Respondent's Amended MSJ, Docket Entry No. 15-2, p. 3.

> 2. The Parole Board improperly extended his sentence in violation of the Double Jeopardy Clause when it denied him parole for reasons related to the nature of his underlying offense (reason 2D), and set off his next parole review for three years.
>
> 3. He was denied due process because the TDCJ grievance program does not afford administrative review of parole decisions.
>
> 4. As a result of the Parole Board's decision to deny parole he is being forced to continue working in prison as a slave in violation of the 13th Amendment.[7]

Sumstad seeks "accelerated" release on parole or immediate placement in a pre-release parole program so that he can complete the Individualized Treatment Plan that will result in his release.[8] The respondent argues that the Petition should be denied because Sumstad does not have a meritorious claim for relief.[9]

## II. Standard of Review

Habeas corpus is the sole remedy available for state prisoners seeking "immediate release or a speedier release" from confinement. Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973); Pierre v. United States, 525 F.2d 933, 935-36 (5th Cir. 1976) (observing that

---

[7] Petition, Docket Entry No. 1, pp. 6-7; Petitioner's Memorandum, Docket Entry No. 2, pp. 12-33.

[8] Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, p. 1 (seeking habeas corpus relief under 28 U.S.C. § 2254 to "effectuate his release from State Custody"); Petitioner's Amended Response, Docket Entry No. 20, p. 4 (pointing to his Individual Treatment Plan, which is found in Exhibit 2 to Petitioner's Memorandum, Docket Entry No. 2, p. 51, in support of his expectation of release).

[9] Respondent's Amended MSJ, Docket Entry No. 15, pp. 4-8.

the "sole function [of the writ of habeas corpus] is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose"). A prisoner's challenge to a single defective parole proceeding is properly raised in a federal habeas corpus petition. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); see also Orellana, 65 F.3d at 31 ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985)).

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. Id.

The plaintiff represents himself in this case. Courts are required to give a pro se litigant's contentions a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citation omitted). Even under this lenient standard, however, a court is under no obligation to fashion new or better arguments from inadequate ones raised in pro se submissions. See Jones v. Alfred, 353 F. App'x 949, 952 (5th Cir. 2009) ("[O]ur responsibility to construe pro se filings liberally . . . does not mean that we will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing.") (internal citation and quotation marks omitted).

### III. Discussion

#### A. Separation of Powers (Claim 1)

Sumstad argues that the Parole Board violated the separation-of-powers doctrine enshrined in the United States Constitution by interfering with his plea agreement for a 20-year prison sentence.[10] This allegation does not raise a federal constitutional claim for which habeas relief may be granted.

"The [United States] Constitution enumerates and separates the powers of the three branches of Government in Articles I, II, and III, and it is this 'very structure' of the Constitution that

---

[10]Petition, Docket Entry No. 1, p. 6; Petitioner's Memorandum, Docket Entry No. 2, pp. 12-15.

exemplifies the concept of separation of powers." Miller v. French, 120 S. Ct. 2246, 2255 (2000) (quoting INS v. Chadha, 103 S. Ct. 2764, 2781 (1983)); Clinton v. Jones, 117 S. Ct. 1636, 1647 (1997) ("The doctrine of separation of powers is concerned with the allocation of official power among the three coequal branches of our Government."). The doctrine of separation of powers essentially "prohibits one branch from encroaching on the central prerogatives of another[.]" Miller, 120 S. Ct. at 2255.

Sumstad cannot show that he is entitled to relief by invoking the separation of powers because this doctrine is not mandatory or "enforceable against the states as a matter of federal constitutional law." Attwell v. Nichols, 608 F.2d 228, 230 (5th Cir. 1979) (per curiam) (citing Sweezy v. New Hampshire, 77 S. Ct. 1203 (1957); Dreyer v. Illinois, 23 S. Ct. 28 (1902)); see also Robinson v. Lumpkin, No. 20-10745, 2021 WL 6550474, at *1 (5th Cir. Sept. 30, 2021) (not designated for publication) (observing that the separation-of-powers doctrine is "inapplicable to the states") (citing Whalen v. United States, 100 S. Ct. 1432, 1436 n.4 (1980)). Because Sumstad is a state prisoner challenging a decision issued by a state agency, he fails to articulate a claim for relief. Accordingly, the respondent is entitled to summary judgment on this claim.

**B.  Due Process (Claims 1 and 3)**

Sumstad argues that the Parole Board violated his right to due process by denying him early release based on reason 2D, which took

into account the nature of his underlying offense.[11] He argues further that he was denied the right to substantive and procedural due process because there is no administrative recourse to challenge an adverse parole decision through prison grievance procedures.[12]

Sumstad cannot show that he was denied parole in a manner that violates the United States Constitution because "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2104 (1979); see also Board of Pardons v. Allen, 107 S. Ct. 2415, 2421 n.10 (1987) (noting that the Texas parole statute lacks mandatory language that would give rise to a constitutionally protected interest). In Texas "[r]elease to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law." 37 Tex. Admin. Code § 145.3(1). The Fifth Circuit has repeatedly held that Texas inmates do not have a protected liberty interest or a constitutional right to early release on parole. See Orellana, 65 F.3d at 31-32; Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); see also Williams v. Briscoe, 641 F.2d 274, 276-77 (5th Cir. Unit A

---

[11]Petition, Docket Entry No. 1, p. 6; Petitioner's Memorandum, Docket Entry No. 2, pp. 12-15.

[12]Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, pp. 22-26.

1981) (holding that the Texas parole statute does not create a constitutionally protected expectancy of release); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) ("In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole."); Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007) (There is no constitutional expectancy of release on parole in Texas because parole is within the "total and unfettered discretion of the State."). Because Texas prisoners have no protected liberty interest in parole it is "axiomatic" that "they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (citations omitted).

In support of his claim that a right to parole exists, Sumstad relies on the district court case of Gross v. Dretke, Civil No. H-04-0136 (S.D. Tex.), which concerned a Texas prisoner's challenge to parole proceedings.[13] After the district court dismissed the habeas corpus petition in that case, and the Fifth Circuit denied a certificate of appealability, the Supreme Court remanded the case for additional consideration in light of recent precedent in Wilkinson v. Dotson, 125 S. Ct. 1242 (2005), which addressed whether state prisoners could use the civil rights statute found at 42 U.S.C. § 1983 to challenge parole procedures. See Gross v. Dretke, 126 S. Ct. 729 (2005). On remand the district

---

[13] Petitioner's Memorandum, Docket Entry No. 2, p. 18.

court granted the respondent's motion for summary judgment and dismissed the petition after finding that the petitioner's due process claims were frivolous. See Gross v. Quarterman, Civil Action No. H-04-136, 2007 WL 4411755, at *10 (S.D. Tex. Dec. 17, 2007). Accordingly, this case does not assist Sumstad.

Sumstad also relies on Hewitt v. Helms, 103 S. Ct. 864, 871-872 (1983), in support of his claim that he has a liberty interest in attaining parole or in obtaining administrative review from an adverse parole decision.[14] However, the approach to finding a liberty interest outlined in Hewitt was expressly abandoned by the Supreme Court in Sandin v. Conner, 115 S. Ct. 2293, 2298-2300 (1995).

Sumstad does not otherwise show that he has a valid due process claim concerning the denial of his parole. To the extent that he also claims that he was denied the right to challenge the adverse parole decision through the prison grievance program, there is no right to an offender grievance process. See Schwarzer v. Wainwright, 810 F. App'x 358, 360 (5th Cir. 2020) (per curiam) (citing Sandin, 115 S. Ct. at 2300); Orellana, 65 F.3d at 31-32; see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [F]ourteenth

---

[14]See Petitioner's Amended Response, Docket Entry No. 20, pp. 3-4.

[A]mendment"); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Moreover, there is a "special review" process that allows a prisoner to pursue an administrative challenge to the denial of parole. See 37 Tex. Admin. Code § 145.17(b); see also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) (noting that the special review process is available, but that it does not toll the statute of limitations on federal habeas review). The record reflects that Sumstad availed himself of that process.[15] Because Sumstad has not established that he has a viable claim under the Due Process Clause, the respondent is entitled to summary judgment on this issue.

## C. Double Jeopardy (Claim 2)

Sumstad contends that the Parole Board violated the Double Jeopardy Clause by denying him early release based on the nature of

---

[15] See Parole-Candidate Ryan Lee Sumstad's First Motion for Special Review to Receive a Fair Parole Release, in Accordance With His 2014 Plea Bargain Understanding and Plea Bargain Contract in the 359th District Court, Exhibit 1 to Petitioner's Memorandum, Docket Entry No. 2, pp. 35-48.

his underlying offense, which he characterizes as additional punishment.[16]  The Double Jeopardy Clause of the Fifth Amendment, which was made applicable to the states through the Fourteenth Amendment in Benton v. Maryland, 89 S. Ct. 2056, 2062 (1969), provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V. This provision protects against:  (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.  See Ohio v. Johnson, 104 S. Ct. 2536, 2540 (1984) (quoting Brown v. Ohio, 97 S. Ct. 2221, 2225 (1977)); see also Austin v. Cain, 660 F.3d 880, 887 (5th Cir. 2011).

In Texas parole is defined as conditional release that allows an inmate to serve "the remainder of his sentence" under the supervision of the TDCJ Pardons and Paroles Division.  See Tex. Gov't Code § 508.001(6).  Parole officials are authorized to consider a number of factors, including the nature of the offense, when deciding whether to release a prisoner on parole.  See Greenholz, 99 S. Ct. at 8, 15-16.  The Fifth Circuit and other courts have uniformly held that the denial of release on parole does not constitute additional punishment and, therefore, the Double Jeopardy Clause does not apply. See Olstad v. Collier, 326 F. App'x 261, 265 (5th Cir. 2009) (per curiam) ("The denial of

---

[16]Petition, Docket Entry No. 1, p. 6; Petitioner's Memorandum, Docket Entry No. 2, pp. 16-21.

release on parole is not an additional punishment.") (citing Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976)); see also Kell v. United States Parole Commission, 26 F.3d 1016, 1020 (10th Cir. 1994) ("Parole determinations are not viewed as criminal punishment subject to the Double Jeopardy Clause."); Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir. 1983) ("[A denial of parole] is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause[.]"); Averhart v. Tutsie, 618 F.2d 479, 483 (7th Cir. 1980) (observing that protections of the Double Jeopardy Clause "are not triggered by the denial of parole" and rejecting the prisoner's claim that parole officials improperly considered the seriousness of his underlying offense); Roach v. Board of Pardons and Paroles, State of Arkansas, 503 F.2d 1367, 1368 (8th Cir. 1974) (denial of parole "does not give rise to multiple punishment for the same offense" for purposes of the Double Jeopardy Clause).

Sumstad does not show that he was subjected to multiple punishments for the same offense when he was denied parole or that the Double Jeopardy Clause otherwise applies. Accordingly, the respondent is entitled to summary judgment on this issue.

### D. Thirteenth Amendment (Claim 4)

Sumstad alleges that by denying him early release on parole he has been forced to work in violation of the Thirteenth Amendment.[17]

---

[17]Petition, Docket Entry No. 1, p. 7; Petitioner's Memorandum, Docket Entry No. 2, pp. 26-33.

-13-

The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. CONST. amend. XIII. The Constitution does not forbid an inmate who has been tried and duly convicted from being required to work without pay or compensation while in prison. See Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001). Because the record confirms that Sumstad has been duly convicted of a crime and is serving a sentence of imprisonment as punishment for that offense, "[he] is in no position to claim a right under the Thirteenth Amendment." Wendt v. Lynaugh, 841 F.2d 619, 620 (5th Cir. 1988). Therefore, the respondent is entitled to summary judgment on this claim. Absent a showing that Sumstad is in custody in violation of the Constitution, his Petition will be denied and this case will be dismissed.

## IV.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting

Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (internal quotation marks and citation omitted). Because reasonable jurists would not debate whether the claims could have been resolved in a different manner, a certificate of appealability will not issue in this case.

## V. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent Lumpkin's Amended Motion for Summary Judgment (Docket Entry No. 15) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Ryan Lee Sumstad (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 7th day of July, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE